I have two cases on the call this morning. We're going to have a panel change after the first case. We're going to argue the first case. You have 15 minutes for the appellant, 15 minutes for the appellee, 5 minutes in rebuttal. I don't use the timing lights, but I'll hold you to the time. There was a motion to cite additional authority. Really should have cited it in your reply brief because it was available. Second of all, you have our authority to argue the case. We've stricken from your motion the entire argument in the motion. It doesn't belong there. You want to cite additional authority, you just tell us to read the case. Okay, so next time when you file one, don't put arguments in the motion for citing additional authority. Call the case, please. Morning, Your Honors. May it please the Court, I'm Daryl Oman and I represent the appellant in this case, Dante Murray. My briefs raise two reasons that this Court should reverse the dismissal of Murray's petition for a leave from judgment. Today I will focus on the first reason, that the order summarily dismissing Murray's post-conviction petition after more than 90 days had elapsed was unauthorized and therefore void. The State concedes that the petition was dismissed 93 days after it was filed in violation of the Post-Conviction Hearing Act, but nonetheless argues that the dismissal order is not void. This argument flies in the face of three Illinois Supreme Court post-conviction decisions expressly stating that such orders are void. The most recent of those three decisions having come down as recently as 2010. It also contradicts generally a legion of Illinois Supreme Court cases dating back 27 years saying that any order unauthorized by statute is void. As the Illinois Supreme Court held in Pupil v. Marshall, where a trial court exceeds its statutory authority, an order is void. And as the Illinois Supreme Court said in Pupil v. Thompson, quote, it is a well-settled principle that a void order may be attacked at any time or in any court either directly or collaterally. Thus, under well-established Illinois law, the key question is whether the order was authorized by statute, not whether the court had jurisdiction as is the case in other states other than Illinois. Murray's petition for relief from judgment raising this precise issue is properly before the court. Section 214.01 is the proper mechanism for challenging void orders such as this one, and the two-year statute of limitation that normally applies does not apply to void orders. Both of these rules are held by the Illinois Supreme Court in Pupil v. Harvey. You need to get through that two-year hurdle, all right? And we are familiar with the – there's a raft of case law that says that if, for instance, in a civil case someone has never been served with process. I mean, that's sort of standard American law. It's always a void order. There's no jurisdiction. Can we extend that case law to this situation and simply say, you know, void because of not being served is like void because there was an extra two days and you didn't do anything about it? Well, I would submit that Your Honors don't even have to look at the civil case law because there's post-conviction case law from the Illinois Supreme Court exactly on point. Three cases said in my brief, so Marthian, Brooks, and Porter each expressly state that any order dismissing a post-conviction petition past 90 days is void. It says that in all three of those cases. And in Pupil v. Harvey, the Illinois Supreme Court held that the two-year statute of limitations does not apply to void orders, which is consistent with all of the voidness cases in the criminal context which say that void orders can be challenged at any time in any court directly or collaterally. Clearly, you could have filed a notice of appeal from the dismissal and directly challenged it that way. But yet, in light of the Illinois case law and the unanimous Illinois Supreme Court precedent, it's actually perfectly appropriate to file a 214-01 petition in the criminal context, this quasi-criminal context, attacking a void order. So again, all of this is well-established under Illinois Supreme Court authority. The state doesn't provide a contrary authority. Their argument in general lies on the notion that Illinois is this outlier jurisdiction. But the Illinois Supreme Court is perfectly okay with that. They'd attack this kind of void versus avoidable distinction in Pupil v. Thompson. And the court expressly rejected it and said, well, we're okay with the way that we do things. We've been doing it this way since the 1980s in Pupil v. Wade and then Pupil v. Arna. That's simply Illinois law, and this court's bound to follow and respect those authorities. But wouldn't we be the first court, if we were to rule in your favor, wouldn't we be the first court to hold that you can forget the two-year limitation on 14-01 to vacate this kind of an order that's void for this reason, this 92 versus 90 days? It's possible. There's not a published decision that's exactly on the point. No one's citing one. Let's try this more simply. What does void mean? Void in Illinois means that it's unauthorized by statute. No, I think void means it's a nothing from the very beginning. Now, is there different types of nothing from the very beginning? There's different ways that an order can be void. But they're still nothing, are they not? Sure. Regardless of the way they get there? Yes. So is there a distinction to be drawn between nothings? Well, in this case, the dismissal order is nothing. That would be a yes or a no. Is there a distinction to be drawn between things that are nothing? In this case, there's only one sort of thing, so I'm not sure what Your Honor is asking. I'm not attempting to draw a distinction. If a thing is nothing and another thing is nothing, are they the same, nothing? Yes, Your Honor. Okay. And in this case, the dismissal order, since it was outside of 90 days by operation of Illinois law, is nothing. And under the Post-Conviction Hearing Act, if a petition is not dismissed within 90 days, which it's not, because as Your Honor says, it would be nothing, then under the terms of the act, it has to proceed for second stage proceedings under the terms of the Post-Conviction Hearing Act. Okay. Counsel, thank you. Thank you. State? Supreme Court says it's void. What's your name, please? Assistant State's Attorney, Anthony O'Brien. And I'd like you to answer the same question that Justice Hoffman just asked your opponent about the difference between, first of all, being void means nothing, and is there a distinction between two nothings? Because you make an argument about being voidable as opposed to being void, so could you answer Justice Hoffman's question for me? It's now my question. Sure. Yeah, I don't think there's any distinction. If something's void, it was nothing from the get-go. The Court never had any authority. Things that are nothing are nothing. Correct. So if it's void, it doesn't make any difference why it's void. It's just void. No, I think it does matter why it's void, because, I mean, the reason why is what renders it that way. No, no, I didn't say that. I said if it's void, then it makes no difference why it's void. It's void. It's a nothing. Is that right, if it's void? I understand it's nothing, but something may render it nothing. I mean, if you have to explain it. I mean, if I was just to say an order is nothing. I'm not communicating with you. If a thing is void, except that fact it's void, that means it's nothing. Is that correct? Yes. Does it make any difference why it's void if it's void? It's still nothing. I understand what you're saying, but, I mean, if somebody was. It could be a yes or a no. Okay, but yes. Okay, so what I'm trying to get at is if a thing is rendered void because it violates the statute, or a thing is rendered void because there was no jurisdiction, it makes no difference. They're both void. Is that correct? No, I don't agree with that. I think you would have to explain why something. No, no, I told you to accept the fact it's void. You want to argue with me, and I want to try and get you to reason. If a thing is void because it violates the statute, for whatever reason, but the thing is void, or a thing is void because the court had no jurisdiction, does it make any difference? They're both nothing. Is it not true? No, I think one is an error, and the other one is nothing. But I asked you to accept the fact it was void. No, you just said there are two things that are nothing. I said if a thing is void because the statute is violated, do you comprehend that? I do. Okay, we can have those things, right? Because it violates the statute? Yes. I think it's void of all. I know what you think, but the Supreme Court doesn't think the way you think. They say that certain things are void if they violate statutes. So what I'm saying to you is if a thing violates a statute and it is void, we're not talking about what type of thing yet. It's a nothing. If there's no jurisdiction for the court to enter it, it's void, and there is a nothing. And what I'm trying to get you to discuss is, does it make any difference why it's void? Not if it's void, why it's void. I think it does. I think it does matter. I mean the why is always the most important question. Why it's void makes a difference? Sure, as to how we get to that conclusion.  No, that's if it's void. If it is void, does it make any difference why it's void on the issue of whether it is a nothing? I suppose not. Okay. All right, so. So the only question we have, then, is if this is void. Because if it is void, it is a nothing, as your opponent argues. Okay. So, I mean, the question then becomes, is it void? Is it void? Sure. But that is the issue of the case. I know you spend a lot of time talking about whether it's voidable, and your opponent basically doesn't waste his time on that. He basically says, this is a void order, and quite frankly, I would suggest that you should address that and respond to that. Well, I spent a great deal of time. Those are the arguments that I think is squarely, those arguments or the issues are squarely before the court based on these facts. And you spend a lot of time talking about voidable and why it's voidable, and I would suggest to you that you would be better served by addressing your opponent's argument. Well, I believe my opponent's argument is this. Other cases have said it's void, so therefore it's void. I mean, that kind of runs in a circle. I think it's a little bit, I think his argument is a little bit more complex. Well, sure. I mean, the other, I don't want to cut you off. You know, to go along with you, we have to write something, and it has to be coherent and it has to make sense. So what I'm trying to get you to respond to, and I think that's what Justice Hoffman is doing, tell us something that makes sense that responds to your opponent's argument because that's what we have to focus on. Okay. My opponent's argument is this, is that there are cases that say if a court does something that's not authorized by a statute, the order is void. My argument is that the Supreme Court in Davis said that an order is void when the court that entered it lacks jurisdiction. Well, that's true. There's no question about that. And I say that the court here had jurisdiction. But how do you justify the following quote from People v. Brooks? The 90-day time requirement is mandatory, and a trial court's noncompliance with the time requirement renders a summary dismissal order void. People v. Brooks, you'll find it page 389, volume 221. Oh, yeah. And I'd say that Brooks isn't that different from a whole lot of other cases that say that. And that statement is based on a relic of pre-1964 constitutional law in the United States, that if a court lacks an inherent authority to do something, it didn't have that the order was void. Now, that statement assumes that the court didn't have jurisdiction to enter it. As the Supreme Court has said in Steinbrecher, that this concept of having a court have an inherent authority, that it has to look to a statute in order to have jurisdiction, is outmoded. It doesn't exist anymore. The circuit courts have general jurisdiction. Well, can I ask a question? This is all of Supreme Court vintage. What right do we have to tell the Supreme Court that their decisions are outmoded? Oh, I don't think that you have to tell them. I think they've largely said it themselves. They said it in Steinbrecher. They talk about it in Belleville-Toyota, where they tried to clean up the whole concept of jurisdiction. In fact, in Belleville-Toyota, they talk about the fact about how the mistake of courts having to look to statutes for their jurisdiction is incorrect. That this is just a relic of an idea of jurisdiction that has long passed. So you have the Supreme Court that has set the stage for this. They brought the concept of jurisdiction in line with Illinois' modern constitutional concept of jurisdiction. Well, from a civil standpoint, Illinois has always taken the position that the only order that's void is an order entered by a court that lacks jurisdiction over either the subject matter or the party. And on the civil side, you'll find tons of cases that say that. But in this particular case, they've specifically addressed the question of the 90-day time requirement. And they say it's rendered void. And I find no case where they've ever retreated from it. Well, I mean, Davis, and this is the Supreme Court, too, in Davis they said that the term void and voyable is used interchangeably all the time. And it's misapplied. They criticize that. And they say that lawyers have really confused the issue by using the terms interchangeably because those terms are not interchangeable. They mean two different things. And that's what the Supreme Court says. And I don't think that there is anything about that that answers the question in this case, which is if it's void, it's void. It doesn't matter how it got to be void. Well, I think it matters that the Supreme Court says that void orders are only ones entered by courts that lack jurisdiction. Let me ask you, this is just a more basic question. Does the 90-day rule mean something or not? I mean, what's the point of having 90 days if it really doesn't mean something? Oh, sure. Because you know what it would have meant for the defendant here is that the court made an error in how it applied the law. And he could have filed a direct appeal and had it corrected. So does it matter that it was only 93 days or, you know, if it had been like 106 days or 120 days, would that have made a difference? In fact, if it's only three days after the 90 days had elapsed, is that something that's important or not? No. I mean, the statute doesn't provide for, you know, that the court can explain itself as to why it entered late. So, in other words, 90 days, according to your argument, really doesn't mean anything. I mean, it's just there, but the court can follow it or not. Oh, no, that's not even close to what I said. I said that it actually made a mistake. Perhaps I'm misunderstanding. No, it made an error. I mean, we can see the court made a mistake. It wasn't authorized under the statute to do that. And so it enters an errant summary dismissal order. Now, can that be corrected? Of course. It can be corrected on direct appeal where all errors are corrected. If the error of the nature of it is not jurisdictional. I mean, they can correct it collaterally if it's jurisdictional. So, in other words, he should have filed a direct appeal. And since he didn't, then he's out of luck. But you're not because the order is voidable and not void. Right. If it's voidable, as you suggest, is it subject to harmless error analysis on appeal? If it's voidable? Yeah. I'm not sure if I know the answer to that question. Well, we almost have to, wouldn't it? Pardon? We almost have to be. If it's voidable, subject to a harmless error analysis. If it's subject to a harmless error analysis, the judge can violate the 90 days, summarily dismiss it in 93 days, comes up on appeal, and we can turn around and say, yeah, well, it was nonsense anyway, so we're going to affirm it. In which case, it flies in the face of every one of the cases and say these things have to go back for a second stage if they're not decided in 90 days. We apply harmless error analysis to all voidable orders, don't we, initially? I say I don't know the answer to that question. If you're saying that's true, I suppose it is. I mean, the problem that we see in the case is that Davis sets out the groundwork for where this case heads, which is where only orders that lack jurisdiction are void. And I don't think that you have other Supreme Court cases that stand in the way of this. You have Steinbrecher and you have Belleville-Toyota that clear up the jurisdictional question and exclude the idea that a court has to have some inherent authority or has to look to a statute to do what it does, or I'm sorry, to have the power to enter an order. So if void orders only flow from courts that lack jurisdiction, that's not what we have here. Of course the circuit court had jurisdiction in order to summarily dismiss the case. It made a mistake, and that mistake was correctable, but the defendant didn't avail himself of the direct appeal which would have allowed him to do it. Tell me your name again, counsel. Assistant State's Attorney Anthony O'Brien.  Rebuttal, counsel? No rebuttal. No rebuttal. Ladies and gentlemen, the matter has been taken under advisement for a short recess.